Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
Panel XII

| | | |
|---|---|---|
| TERELYS HERNÁNDEZ PORRATA Recurrida<br><br><br>v.<br><br><br>MIKE E. LÓPEZ CINTRÓN también conocido como MIKE EUGENIO LÓPEZ CINTRÓN<br>Peticionario | TA2025CE00421 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala de Fajardo<br><br>Caso Núm. RF2021RF00002<br><br>Sobre: Custodia Compartida y Alimentos |

Panel integrado por su presidente, el Juez Candelaria Rosa, el Juez Adames Soto, el Juez Campos Pérez y la Jueza Trigo Ferraiuoli

Adames Soto, Juez Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 9 de septiembre de 2025.

a.

El Sr. Mike E. López Cintrón (señor López Cintrón o peticionario), estuvo casado con la Sra. Terelys Hernández Porrata (señora Hernández Porrata o recurrida), hasta que el vínculo matrimonial entre estos quedó disuelto mediante *Sentencia* emitida el 3 de agosto de 2021. En el mismo dictamen judicial se recogió el acuerdo de las partes para asumir la patria potestad y custodia del menor M.L.H., hijo en común, de manera compartida, a tiempo igual, y se fijó una pensión alimentaria.

Superados los tres años de establecida la pensión alimentaria aludida, el 2 de junio de 2025, el peticionario presentó ante el foro recurrido una solicitud para revisarla.

A raíz de ello, y en lo que nos concierne, el 16 de junio de 2025 se celebró la vista de revisión de pensión alimentaria ante el Examinador de Pensiones Alimentarias, (EPA), a la que compareció la recurrida junto a sus abogadas, y el representante legal del peticionario, aunque este último no estuvo presente. Surge del *Informe* sobre tal vista que la recurrida trajo a

la atención del EPA que la custodia no se estaba llevando a cabo de manera compartida a tiempo igual, sino que esta cuidaba del menor M.L.H. en el periodo de las tardes, respecto a las semanas que correspondían al peticionario tenerle bajo su cuidado.[1]

A ello el abogado del peticionario opuso que se trataba de un reclamo que no había sido expuesto por la recurrida con anterioridad.

Por causa de tal asunto levantado, el EPA dispuso que las partes expresaran sus posiciones por escrito, a los fines de referirlo al Tribunal para ser dilucidado.

Luego, el 17 de julio de 2025, el peticionario instó una *Urgente solicitud de orden* ante el TPI, resaltando que la custodia compartida se estaba llevando a cabo según se había precisado en los acuerdos alcanzados por las partes, que quedaron plasmados en la *Sentencia* de divorcio de 12 de agosto de 2021. Llevó a la atención del Tribunal que dicho acuerdo de custodia no había causado controversia alguna entras las partes, ni tampoco cuestionado judicialmente, según así lo reflejaba el expediente del caso. Sostuvo que la controversia sobre la manera en que se estaba conduciendo la custodia compartida surgió por primera vez en la vista de revisión de pensión alimentaria, con el solo propósito de dilatar el proceso.

A su vez, el mismo 17 de julio de 2025, la recurrida también presentó una *Moción Urgente sobre Custodia Compartida y en Solicitud de Orden*. Adujo que, aunque en la *Sentencia* de divorcio las partes estipularon que la custodia del menor fuese compartida, la realidad extrajudicial no reflejaba lo acordado, puesto que la recurrida era quien se hacía cargo del menor la mayor parte del tiempo. Sobre esto, afirmó que el peticionario solo se hacía cargo del menor el tiempo correspondiente, cuando tomaba vacaciones, sábados y domingos alternos. Por tanto, afirmó que la realidad

---

[1] *Íd.*, entrada núm. 107.

de cómo se distribuía la custodia del menor debía reflejarse en el cómputo de la pensión alimentaria.

En consecuencia, el 25 de agosto de 2025, el TPI celebró una vista en la que consideró las posturas respecto al cuestionamiento de cómo se estaba conduciendo la custodia compartida. La *Minuta* en la que se recogieron las incidencias de la referida vista muestra que las partes tuvieron amplia oportunidad de plantear sus argumentos acerca del asunto, y el propio foro recurrido las interrogó, lo que incluyó varias manifestaciones sobre el tema. En lo específico, el Tribunal cuestionó, entre otros asuntos: por qué la parte recurrida no había presentado queja alguna sobre la custodia compartida, ni solicitado que se dejara sin efecto los acuerdos alcanzados en la *Sentencia* de divorcio, sino hasta el momento en que el peticionario solicitó revisión de pensión alimentaria; realzó que la descripción de la recurrida sobre cómo se estaba conduciendo la custodia compartida fue parte de lo estipulado por las partes en la *Sentencia* de divorcio. Concluido tal intercambio, el Tribunal decidió referir el asunto a la Unidad Social para que realizara un estudio social sobre custodia compartida, basado en las circunstancias actuales.

En desacuerdo con el referido del Tribunal a la Unidad Social para realizar el estudio sobre custodia compartida, el peticionario recurre ante nos mediante recurso de *certiorari,* señalando la comisión de los siguientes errores:

Primer Error: Erró el TPI y abusó de su discreción al paralizar el trámite de revisión de pensión ante el Examinador de Pensiones y convertir la vista final pautada en una de estado de los procedimientos, condicionando indebidamente la determinación del EPA a la presentación de un informe social. Ello, pese a que existe una Sentencia firme y vinculante que decretó custodia compartida en tiempo igual, y a que las Guías Mandatorias para el Cálculo de Pensiones Alimentarias disponen expresamente los requisitos y procedimientos aplicables para revisar o ajustar pensiones cuando el tiempo de crianza con la persona no custodia excede el veinte por ciento (20%).

Segundo Error: Erró el TPI y abusó de su discreción al ordenar un referido a la Unidad Social para evaluar la custodia compartida, sin que mediara petición de parte, ni circunstancia extraordinaria que ameritara una intervención innecesaria y onerosa en la vida del menor y su familia, en contravención con el principio de mejor bienestar del menor y evitar intervenciones innecesarias.

Junto al recurso presentado el peticionario incluyó una solicitud de auxilio de jurisdicción, para que ordenásemos la paralización de los procesos ante el tribunal *a quo*, en lo que dilucidamos la controversia alzada.

Visto el tracto procesal aquí reproducido, hemos decidido prescindir de solicitar la comparecencia de la recurrida, en tanto nos juzgamos listos para disponer del asunto.

## I. Exposición de Derecho

*a.*

El auto de *certiorari* permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior. *McNeil Healthcare v. Mun. Las Piedras I*, 206 DPR 391, 403 (2021); *800 Ponce de León v. AIG*, 205 DPR 163 (2020); *Mun. Caguas v. JRO Construction, Inc.*, 201 DPR 703, 710 (2019); *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 728 (2016). Es, en esencia, un recurso extraordinario mediante el cual se solicita al tribunal de superior jerarquía la corrección de un error cometido por el tribunal inferior. *García v. Padró*, 165 DPR 324 (2005). La expedición del auto descansa en la sana discreción del tribunal y encuentra su característica distintiva, precisamente, en la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos. *Mun. Caguas v. JRO Construction, Inc., supra,* en la pág. 711*; IG Builders et al. v. BBVAPR*, 185 DPR 307 (2012).

Es en la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R.52, donde se establecen las instancias en que el recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de

Primera Instancia, puede ser expedido por el Tribunal de Apelaciones. Entre tales instancias ubica los casos de relaciones de familia.

De una controversia o tema ubicar dentro de las instancias identificadas en la citada Regla 52.1, entonces le corresponde a este foro intermedio examinar las disposiciones dimanantes de la Regla 40 del Reglamento del Tribunal de Apelaciones[2], según enmendado, 4 LPRA Ap. XXII-B, *In re Aprob. Enmdas. Reglamento TA,* 2025 TSPR 42, págs. 62-63, 215 DPR __ (2025), para determinar si ejerce su discreción.

No obstante, ninguno de los criterios en la Regla 40 del Reglamento del Tribunal de Apelaciones, supra, es determinante, por sí solo, para este ejercicio de jurisdicción, y no constituye una lista exhaustiva. *García v. Padró,* 165 DPR 324, 327 (2005). Por lo que, de los factores esbozados "se deduce que el foro apelativo intermedio evaluará tanto la corrección de la decisión recurrida, así como la etapa del procedimiento en que es presentada; esto, para determinar si es la más apropiada para intervenir y no ocasionar un fraccionamiento indebido o una dilación injustificada del litigio". *Torres Martínez v. Torres Ghigliotty,* supra, pág. 97.

Finalmente, sépase que nuestro Tribunal Supremo ha reiterado que "de ordinario, el tribunal apelativo no intervendrá con el ejercicio de la discreción de los tribunales de instancia, salvo que se demuestre que hubo un craso abuso de discreción, o que el tribunal actuó con prejuicio o

---

[2]     (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial*". Zorniak Air Servs. v. Cessna Aircraft Co.*, 132 DPR 170, 181 (1992*); Rivera y otros v. Bco. Popular*, 152 DPR 140, 155 (2000).

b.

El Tribunal de Apelaciones no puede pretender conducir ni manejar el trámite ordinario de los casos que se ventilan ante el Tribunal de Primera Instancia. *Bco. Popular v. SLG Gómez López*, 213 DPR 314 (2023). Esto proviene de que dicho foro inferior es el que mejor conoce las particularidades del caso y quien está en mejor posición para tomar las medidas necesarias para administrar el procedimiento judicial de tal manera que permita al foro llegar a una disposición final. *Id.*

## II. Aplicación del Derecho a los hechos

a.

Como advertimos, las resoluciones interlocutorias provenientes del TPI sobre asuntos atinentes a las relaciones de familia están dentro de las concebidas por la Regla 52.1 de Procedimiento Civil, *supra*, como susceptibles de revisión por este Tribunal de Apelaciones. Por tanto, habiendo cuestionado el peticionario una resolución interlocutoria dentro de un proceso de revisión de pensión alimentaria, *ergo*, sobre relaciones de familia, estaríamos en posición de asumir jurisdicción sobre el asunto.

No obstante, también adelantamos, que, a pesar de lo indicado en el párrafo que precede, el recurso de *certiorari* sigue encontrando su característica distintiva en la discreción reconocida al tribunal revisor para autorizar su expedición y adjudicar sus méritos. *Mun. Caguas v. JRO Construction, Inc.,* supra. Es decir, la expedición o no del recurso de *certiorari* es un ejercicio discrecional de este Tribunal de Apelaciones.

b.

Según detallamos en el tracto procesal, iniciado el proceso de revisión de pensión alimentaria por el peticionario, la parte recurrida señaló ante el TPI un presunto incumplimiento del peticionario del acuerdo sobre la custodia compartida igualitaria del menor. Ello dio lugar a que el TPI le concediera amplia oportunidad a las partes para argumentar sobre el asunto, habiéndose mostrado perspicaz dicho foro al sopesar las posturas de las partes, según quedó constatado en la Minuta de la vista de 25 de agosto de 2025.

Habiendo examinado tal ejercicio efectuado por el TPI, no advertimos que la determinación final del foro recurrido al ordenar que la Unidad Social examine cómo se conduce la custodia compartida, exhiba signos del prejuicio, la pasión, parcialidad o el error manifiesto que justifiquen nuestra intervención con el curso decisorio elegido.

Decimos lo anterior: reconociendo la agudeza demostrada por el TPI al cuestionar los motivos por los cuales la parte recurrida solo objetó la forma en que se estaba conduciendo la custodia compartida igualitaria, al momento en que el peticionario solicitó la revisión de pensión alimentaria; pero también respetando el ejercicio discrecional de dicho foro al permitirse tomar una decisión final al respecto, luego de contar con la mejor información posible, a través del informe social ordenado. A fin de cuentas, reiteramos, es el foro inferior el que mejor conoce las particularidades del caso y quien está en mejor posición para tomar las medidas necesarias para administrar el procedimiento judicial de tal manera que permita al foro llegar a una disposición final. *Bco. Popular v. SLG Gómez López*, supra.

En definitiva, las causas que nos colocarían en posición de intervenir con la *Resolución* recurrida están ausentes en este caso, por lo que solo procede denegar la expedición del recurso solicitado, y permitir la continuación de los procesos sin mayor dilación.

### III.  Parte dispositiva

Por las razones expuestas, declaramos *No Ha Lugar* la paralización de los procesos solicitada por el peticionario, y *Denegamos* expedir el recurso de *certiorari*.

**Notifíquese de inmediato**.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones